Dear Mr. Cannon:
This office is in receipt of your request in regard to elections for public officials for the City of Tallulah. You ask if the United States Department of Justice does not preclear the redistricting plan which was adopted after the 2000 decennial census by the commencement of the qualifying period for the election for Mayor, City Council, and Chief of Police can the City of Tallulah postpone until the next election date this year the election for City Council, the election for Mayor and Chief of Police.
In Atty. Gen. Op. 91-442(B) this office stated where there was no valid and effective reapportionment plan upon which an election could be held, the Secretary of State could decline to accept qualifying papers from persons qualifying as candidates, and stated, "Elections would have to be scheduled at the next available election date provided by R.S. 18:402."
Similarly, in Atty. Gen. Op. 92-105 regarding the Evangeline Parish Police Jury election where preclearance had not been made prior to the date for qualifying, this office stated if the election cannot be conducted as regularly scheduled there is no provision in law for parish police jury elections any earlier than the next available election date as provided by law unless a court issues an order to the contrary.
Atty. Gen. Op. 91-672 concerned the City of Baker's elections for the council, the mayor and the chief of police, and this office stated if preclearance was not received prior to qualifying, the governing authority may elect to conduct the election under the old plan or certify to the Secretary of State that no valid apportionment plan and exists, and he is not required to conduct the election.
However, it was further noted that the Baker City Home Rule Charter provided that the mayor and chief of police would be elected for a four year term concurrent with that of the council. In response to the question whether the election for mayor and chief of police would be delayed if the council election was delayed, this office opined that the election for mayor and chief of police should be conducted as regularly scheduled regardless of the council election being delayed inasmuch as the mayor and chief of police run at-large, and not by the single-member districts subject to preclearance under the new reapportionment plan.
Therefore, the City of Tallulah must postpone the qualifying and election for the City Council. Then when plans are precleared, the election would be scheduled at the next available election date provided by R.S. 18:402. However, qualifying and election for Mayor and Chief of Police should proceed as scheduled.
We hope this sufficiently answers your inquiry.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr